## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>                  Plaintiff,<br><br>vs.<br><br>**FRANK JOSEPH GUMATAOTAO REYES JR.,**<br><br>                  Defendant. | **CRIMINAL CASE NO.: CF0723-24-01**<br><br>**DECISION AND ORDER REGARDING DEFENDANT'S MOTION FOR BILL OF PARTICULARS** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 1, 2025, for a motion hearing on Defendant Frank Joseph Gumataotao Reyes, Jr.'s ("Mr. Reyes") Motion for Bill of Particulars. Present at the hearing were Assistant Attorney General John David Griffin on behalf of the People of Guam ("the People"), and Attorney Heather Quitigua on behalf of Defendant Reyes. Having reviewed the pleadings, the arguments presented, and the record, the Court **GRANTS** the Motion for a Bill of Particulars and **ORDERS** the People to provide a Bill of Particulars to Mr. Reyes detailing the specific location or locations where each alleged offense is claimed to have occurred, the specific conduct forming the basis for each count, and any other details necessary to permit Mr. Reyes to understand the nature of the accusations and to prepare an adequate defense.

## BACKGROUND

Defendant Reyes faces charges stemming from alleged events occurring on or about September 8 to September 9, 2024 in Guam. The indictment in this case was originally filed on October 22, 2024, and a superseding indictment was charged and filed on April 14, 2025. In the original indictment, Mr. Reyes was charged with arson, desecration, obstructing government function, and destruction of evidence. In the Superseding Indictment, Mr. Reyes is charged with Complicity to Commit Aggravated Murder, Complicity to Commit Murder, Conspiracy to Commit Aggravated Murder, Conspiracy to Commit Murder, and Complicity to Commit Aggravated Assault, in addition to the charges in the original indictment.

On April 25, 2025, Mr. Reyes filed a Motion to Dismiss the Indictment or in the alternative a Motion for a Bill of Particulars. Mot. for a Bill of Particulars (Apr. 25, 2025). The People subsequently filed an Opposition to Def.'s Mot. for a Bill of Particulars. Opposition to Def.'s Mot. for a Bill of Particulars (May 29, 2025). On June 4, 2025, Mr. Reyes filed a Reply to the People's Opposition. On July 1, 2025, the Court heard arguments on the Motion for a Bill of Particulars and placed the matter under advisement.

## DISCUSSION

At issue before the Court is Mr. Reyes's Motion for Bill of Particulars. This Court has discretionary authority to order the government to provide a Bill of Particulars as necessary for the defendant to adequately prepare a defense. According to 8 GCA § 55.30:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 GCA § 55.30. Further, 8 GCA § 55.10 provides that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the

offense charged and shall be signed by the prosecuting attorney." 8 GCA § 55.10. Courts have recognized that the purpose of a bill of particulars is "to appraise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long* 706 F.2d 1044, 1054 (9th Cir. 1983). The issuance of a bill of particulars is up to the discretion of the trial court. *US. v. Hartlerode*, 467 F.2d 1280, 1282 (9th Cir. 1972). The purpose of a bill of particulars is to clarify the factual basis for the charges and not the specific legal theories or arguments. *Rose v. U.S.*, 149 F.2d 755, 758 (9th Cir. 1945); *see also Morgan v. U.S.*, 380 F.2d 686, 698 (9th Cir. 1967) ("It does not entitle a defendant to explore at will all evidence the government may hold against him.").

The Court agrees with Mr. Reyes that the indictment and the accompanying disclosures made by the People lack the factual detail necessary to allow him to meaningfully prepare a defense. Here, the indictment merely alleges that Mr. Reyes committed the charged offenses without identifying the specific conduct or locations involved. *See* Superseding Indictment (Apr. 14, 2025). In his motion, Mr. Reyes requests a Bill of Particulars identifying: (1) the specific locations where the alleged offenses have occurred, (2) the conduct forming the basis for each count, and (3) any other necessary details to understand the natures of the accusations. Mot. for Bill of Particulars at 3 (Apr. 25, 2025).

Mr. Reyes is not requesting that the People disclose all evidence or their specific legal theories. Instead, he seeks clarification of the details supporting the indictment. Mr. Reyes states there is not enough detail as to who actually caused the victim's death or injuries. Mot. for Bill of Particularities at 2 (Apr. 25, 2025). The Court likewise agrees with Mr. Reyes's argument that his ability to mount a defense is necessarily predicated on the factual basis for the charges brought against him. It is clear from the Guam statute that an

indictment must "specify the particulars of the offense sufficiently to enable the defendant to prepare his defense." 8 GCA § 55.30. Mr. Reyes is not requesting that the Government disclose all evidence in its possession or reveal its specific legal theories. However, in order to prepare an adequate defense, Mr. Reyes must be apprised of the underlying factual allegations supporting the indictment. The People have provided full discovery to Mr. Reyes which would generally obviate the need for a bill of particulars. Opp'n to Mot. for a Bill of Particulars at 2 (May 29, 2025); *see also Long*, 706 F.2d at 1054. However, here, the copious amounts of discovery discussing multiple events, defendants, and conflicting testimony instead add to the ambiguity surrounding the People's theories. A bill of particulars is necessary in these circumstances, where the ambiguity in the breadth of disclosures prevent the defendant from formulating an adequate defense to the charges.

In response to Mr. Reyes's Motion, the People argue that Mr. Reyes's Motion exhibits a clear understanding of what the charges are. Opp'n to Mot. for a Bill of Particulars at 2, 7 (May 29, 2025). However, while Defense Counsel may understand the legal theory of conspiracy and complicity in the abstract, the filings and disclosure do not provide sufficient information regarding the specific conduct allegedly committed by Mr. Reyes that supports those charges. A general awareness of the elements of conspiracy is not a substitute for actual notice of the factual basis for the allegations, particularly when the indictment lacks detail.

Moreover, while the crime of conspiracy is codified under 9 GCA § 13.30, the Court notes that in the case of *People v. Taisacan*, the Guam Supreme Court declined to adopt the *Pinkerton* theory of conspiracy liability, which provides that liability may extend to a conspirator for "criminal offenses committed by a coconspirator that are within the scope of the conspiracy, in furtherance of it, and are reasonably foreseeable as the necessary or natural consequence of the conspiracy." 2023 Guam 19 ¶¶ 29-30. There, the Court vacated

the Defendant's Home Invasion conviction and Special Allegation of Use or Possession of a Deadly Weapon under the *Pinkerton* theory of liability. *People v. Taisacan*, 2023 Guam 19 ¶¶ 31-32. While the Court agrees with the People that this case does not hold that Conspiracy is available as a liability extension device in certain cases, it is imperative that the People clearly articulate the factual theory of conspiracy on which they intend to prosecute Mr. Reyes, especially in light of the conspiracy limitations imposed by *Taisacan*.

The Defense is not rejecting the availability of conspiracy liability as a liability extension device as the People suggest; rather, Mr. Reyes seeks clarification as to how that liability applies under the facts of this case. Understanding the concept of conspiracy in theory in the abstract is materially different from understanding how Mr. Reyes's alleged actions meet the threshold for conspiracy in this prosecution. Without further factual specificity from the People, Mr. Reyes is unable to meaningfully respond to the charges or prepare an adequate defense. Therefore, a bill of particulars is warranted as Mr. Reyes must be apprised of the factual basis for his alleged conspiracy.

///

///

///

///

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Bill of Particulars. The People are ordered to provide a Bill of Particulars to Mr. Reyes detailing:

1.  The specific location or locations where each alleged offense is claimed to have occurred;

2.  The specific conduct forming the basis for each count; and

3.  Any other details necessary to permit Mr. Reyes to understand the nature of the accusations and to prepare an adequate defense.

The Bill of Particulars providing the foregoing information is due fourteen (14) days after the entry of this order.

SO ORDERED, this __30th__ day of __July__ 2025.

HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
_AG, H. Quitugua_

Date _7/30/25_ Time _11:54am_
_Albert Calvo Cm_
Deputy clerk , Superior Court of Guam

CF0723-24-01, People of Guam v. Frank Joseph Gumataotao Reyes
Decision and Order Regarding Defendant's Motion for Bill of Particulars